**Dated: August 26, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

IN RE:
**BACONE COLLEGE**, CASE NO. 24-80487-PRT
CHAPTER 7

Debtor.

**REPORT AND RECOMMENDATION TO DISTRICT COURT**
**<u>REGARDING MOTION TO WITHDRAW THE REFERENCE</u>**

Robin Carter Mayes, appearing Pro Se and asserting standing as an interested party in this case, filed a Motion to Withdraw the Reference of this Chapter 7 bankruptcy case from the Bankruptcy Court of the Eastern District of Oklahoma and transfer the case to the District Court (ECF No. 427). Objections to this Motion were filed by the Chapter 7 Trustee Luke Homen (ECF No. 445), and Creditor MHEC, LLC d/b/a Midgley-Huber Energy Concepts (ECF No. 466).

Mayes seeks mandatory withdrawal of the reference pursuant to 28 U.S.C. § 157(d), as "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," and because this bankruptcy case involves federal Indian law, tribal treaty rights and federal statutory restrictions on alienation of Indian trust land. As required by District Court LCvR 84.1(b)(4) regarding motions to withdraw the reference, this Court hereby finds, pursuant to 28 U.S.C. § 157(b)(3), that the administration of this bankruptcy case is a core proceeding under title 11.

Section 157(d) of Title 28 states that withdrawal of the reference shall be upon the *timely* motion of a *party*. (emphasis added). "[T]he determination of a motion to withdraw the reference 'is committed exclusively to the district court.'"[1] However, some background information may be helpful in evaluating the Motion as this case has been pending in this Bankruptcy Court for over two years.

This bankruptcy case was filed June 21, 2024, under Chapter 11 of the United States Bankruptcy Code. In its tax return attached to a report to the Court, Debtor described itself as a four-year liberal arts college affiliated with the American Baptist Church embracing a historic educational mission with American Indians.[2] The United States' Trustee filed its Report on July 26, 2024 stating that the first meeting of creditors was held and concluded.[3] When Debtor's efforts to find an entity to assume operations or a buyer for its assets failed, this case was converted to a Chapter 7 liquidation case on May 13, 2025,[4] and Luke Homen was appointed Chapter 7 Trustee.[5] Mayes filed this Motion to Withdraw the Reference on July 13, 2026, more

---

[1] 9A Collier on Bankruptcy P 5011.01 (16th Ed. 2026), quoting 1987 Advisory Committee Note to Fed. R. Bankr. P. 5011.

[2] ECF No. 17.

[3] ECF No. 46.

[4] ECF No. 149.

[5] ECF No. 150.

than two years after this case was filed and nearly two years after the conclusion of the meeting of creditors. Pursuant to District Court LCvR 84.1 (b)(2), a motion for withdrawal of a bankruptcy case shall be filed and served within fourteen (14) days after the first meeting of creditors is held in the case. Therefore, the Motion is untimely under the Local Rules of this District Court, and for that reason alone, this Bankruptcy Court respectfully recommends that the Motion be denied.

In addition to his Motion being untimely, this Court does not believe that Mayes qualifies as a "party" in this case who may bring this Motion under 28 U.S.C. § 157(d). Mayes' first contact with the Bankruptcy Court was made May 12, 2026 when he filed a Notice of Intent to Intervene and Objection to the Trustee's Motion to Compromise with Bacone College Development Corporation.[6] Attached to his Notice was an Amicus Brief prepared by Mayes in a lawsuit filed in the District Court of the Muskogee (Creek) Nation, Okmulgee District, on behalf of the Bacone Forever Alumni Association against Dr. Leslie Hannah, former President of Bacone College and the Bacone Board of Trustees, Case No. CV-2025-0115 ("Tribal Court lawsuit"). This Brief included a file-stamp dated May 12, 2026 by what appears to be the Court Clerk of the Muskogee Nation District Court. Mayes certified that he mailed this document to the Attorney General of the Muskogee (Creek) Nation, a representative of the U.S. Department of Interior, the Chapter 7 Trustee, and Dr. Leslie Hannah. Because Mayes' Notice and Objection were filed after the objection deadline and after this Court had granted the Trustee's Motion, the Court took no action on Mayes' filing.[7] On May 28, 2026, the Bankruptcy Court Clerk received and filed a letter from Mayes regarding his 2025 Tribal Court lawsuit, by which he gives the Bankruptcy Court "formal Notice of Related Sovereign Filing regarding the ongoing

[6] ECF No. 358.
[7] ECF No. 359.

jurisdictional matters connected to the Bacone College assets."[8] Mayes attached a copy of another Amicus Brief he said was filed in the Tribal Court lawsuit.[9] Mayes has also filed a series of motions, objections, and briefs challenging the jurisdiction of this Bankruptcy Court and the actions of the Chapter 7 Trustee, claiming to be a stakeholder in the bankruptcy case, an ancestral trust beneficiary and interested person pursuant to 11 U.S.C. §1109(b) and Fed. R. Bankr. P. 2018.[10] He seeks no recovery through the bankruptcy process, waives monetary or wage claims against the bankruptcy estate, and states that his interest in this case is "purely fiduciary and ancestral."[11] In response to an order from this Court, Mayes, Trustee Homen and Creditor MHEC filed briefs addressing Mayes' standing to intervene in this case.[12] Their briefs on the issue of Mayes' standing are currently under advisement.

In filing motions in this case seeking information or to halt actions of the Trustee, Mayes has initiated contested matters governed by Fed. R. Bankr. P. 9014. Subparagraph (c) of this rule incorporates Fed. R. Bankr. P. 7017 and Fed. R. Civ. P. 17 which require that an action be prosecuted by the "real party in interest." This principle requires that an action "be brought in the

[8] ECF No. 362.
[9] ECF No. 362, pp. 2-6.
[10] *See e.g*. ECF Nos. 421, 423, 426, 441 and 449. Mayes has also filed the following motions in this Bankruptcy Case: ECF No. 363 Motion for Jurisdictional Discovery Regarding Subject-Matter Jurisdiction Over Restricted Indian Lands (Treaty of 1866); ECF No. 367 Motion for Substantiation of Property Acreage and Compelled Production of Foundational Title Records Pursuant to Fed. R. Bankr. P. 7026; ECF No. 369 Motion to Recognize the United Stats Department of the Interior as an Indispensable Party Pursuant to Fed. R. Bankr. P. 7019; ECF No. 375 Motion for Limited Administrative Access for Property Inspection and Institutional Preservation Planning.
[11] ECF No. 441.
[12] ECF No. 441, Supplemental Memorandum of Robin Carter Mayes Addressing Standing to be Heard as a Party in Interest; ECF No. 443, Brief on Standing of Mr. Mayes filed by Luke Homen, Trustee; and ECF No. 466, Joinder in Trustee's Omnibus Response to the Motion of Robin Carter Mayes filed by MHEC, LLC d/b/a Midgley-Huber Energy Concepts.

name of the party who possesses the substantive right being asserted under the applicable law."[13] Mayes cites 11 U.S.C. § 1109(b) as providing him with standing to intervene in this case as a "party in interest." Section 1109(b) of chapter 11 defines a party in interest in a chapter 11 reorganization as "the debtor, the trustee, a [member of the] creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee . . . ." This case is a chapter 7 liquidation case to which § 1109(b) does not apply, but if it did, Mayes does not qualify as any of the listed entities. Indeed, he concedes the point.[14] Chapter 7 of the Bankruptcy Code does not contain a definition of "party in interest" similar to that found in § 1109(b). Other Bankruptcy Code sections, such as §§ 502(a), 522(l), and 727(c) use the phrase "party in interest" to specify who may object to certain actions or requests for relief, but these encompass the typical participants in a bankruptcy case: creditors, parties objecting to a debtor's claim of exemptions, or parties objecting to discharge based on a debtor's alleged fraud or failure to cooperate.[15] Therefore, it is this Court's opinion that Mayes' reliance on § 1109(b) is improper. There are no other Bankruptcy Code sections that allow him to claim to be a party under 28 U.S.C. § 157(d).

Mayes also references Fed. R. Bankr. P. 2018 as providing authority to intervene in this Bankruptcy Case. Rule 2018 allows an entity to participate in a bankruptcy case where they have not been granted a right to participate pursuant to another section of the Bankruptcy Code. Like Fed. R. Bankr. P. 9014, incorporating Fed. R. Bankr. P. 7017 regarding real parties in interest, cases interpreting Rule 2018 require that intervention "is warranted if the entity demonstrates

---

[13] *Esposito v. United States.,* 368 F.3d 1271, 1273 (10th Cir. 2004) quoting 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1541 at 321 (2d ed.1990).
[14] ECF No. 441.
[15] *See In re Riddle*, 671 B.R. 758, 766 (Bankr. D.N.M. 2025).

that no other entity exists to adequately protect its position and that intervention would not result in undue delay or prejudice."[16] Mayes asserts that he is a direct descendant and heir of Muskogee (Creek) Nation citizens who hold a vested interest in the Debtor's property. He appears to seek withdrawal of the reference on behalf of the Muskogee (Creek) Nation. The Nation has been given notice of proceedings in this bankruptcy case as well as notice of Mayes' lawsuit filed in 2025 in the Nation's District Court challenging the Trustee's authority and seeking assistance in gaining possession of tribal assets allegedly held by the Debtor.[17] No person has entered an appearance in this case on behalf of the Muskogee (Creek) Nation seeking to challenge the jurisdiction of this Bankruptcy Court over this Debtor or the authority of the Chapter 7 Trustee to administer this case.

Mayes has not explained why the Nation has not intervened or why he is the only party who can protect its interests. The Trustee has submitted an affidavit to this Court testifying that in May of 2025, he was in direct communication with an attorney for the Department of the Interior who has determined that the Debtor's real property is not on Indian Trust land and thus is not under the purview of the Department of Interior, contradicting Mayes' reliance on federal tribal law, tribal treaty rights and federal statutory restrictions on alienation of Indian trust land to support his Motion.[18] Therefore, for these reasons, this Court does not believe that Mayes is entitled to intervene in this case pursuant to Fed. R. Bankr. P. 2018.

The Clerk of the Bankruptcy Court shall transmit a copy of this written recommendation to the Clerk of the United States District Court for the Eastern District of Oklahoma, together

[16] *See* 9 Collier on Bankruptcy P 2018.02, and n. 24.
[17] ECF No. 358.
[18] ECF No. 420-4.

with a copy of the record of this case and shall file a certificate of such transmission in this proceeding.

###

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 1086−7 | User: admin | Date Created: 8/26/2026 |
| Case: 24−80487 | Form ID: pdfpo | Total: 4 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | Office of the United States Trustee | USTPRegion20.TU.ECF@usdoj.gov |
| aty | Karen Carden Walsh | karen.walsh@usdoj.gov |
| aty | Mary Kindelt | mary.kindelt@usdoj.gov |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| intp | Robin Carter Mayes | 3016 Groveland Terrace | Denton, TX 76210 |

TOTAL: 1