**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ROBIN CARTER MAYES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BACONE COLLEGE,**<br><br>**Defendant.** | **Case No. 26-CV-333-JFH** |

**OPINION AND ORDER**

Before the Court is the Report and Recommendation of Chief United States Bankruptcy Judge Paul R. Thomas. Dkt. No. 6. The Bankruptcy Judge recommends that the Motion to Withdraw Reference Pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011 filed by Plaintiff Robin Carter Mayes ("Plaintiff") [Dkt. No. 2] be denied.

**BACKGROUND**

The underlying bankruptcy case was filed on June 21, 2024, under Chapter 11 of the United States Bankruptcy Code. The Debtor, Bacone College ("Defendant"), describes itself as "a four-year liberal arts college affiliated with the American Baptist Church embracing a historic educational mission with American Indians." Dkt. No. 6 at 2. On July 26, 2024, the United States Trustee reported that the first meeting of creditors had been held and concluded. *Id.* After Defendant's efforts to identify an entity to assume its operations or purchase its assets proved unsuccessful, the case was converted to Chapter 7 on May 13, 2025, and a Chapter 7 Trustee was appointed. *Id.* Plaintiff filed this Motion to withdraw the reference on July 13, 2026. Dkt. No. 2. On August 26, 2026, the Bankruptcy Judge issued a Report and Recommendation recommending that the Motion be denied. Dkt. No. 6. Plaintiff filed objections to the Report and Recommendation on September 3, 2026. Dkt. No. 10.

## DISCUSSION

Local Rule of Civil Procedure 84.1(a)(1) provides that cases arising under, or related to, Title 11 are referred to the bankruptcy judges for this district. The Court may withdraw the reference "on its own or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Under Local Rule 84.1(b)(2), a motion to withdraw the reference must be filed and served within fourteen days after the first meeting of creditors.

Plaintiff's Motion fails on both procedural and substantive grounds. The Trustee reported that the first meeting of creditors was held on June 21, 2024. Dkt. No. 6 at 2. Plaintiff did not file his Motion until July 13, 2026—more than two years after the deadline. Dkt. No. 2. The Motion is therefore untimely. Plaintiff also lacks standing to seek withdrawal because he is not a party to the bankruptcy case. See 28 U.S.C. § 157(d) (permitting withdrawal "on the timely motion of any party"); Dkt. No. 7 (concluding that Plaintiff has no right to be heard or to intervene in the bankruptcy proceedings).

The arguments set out in Plaintiff's objections to the Report and Recommendation are insufficient to overcome his Motion's procedural and substantive shortcomings. First, Plaintiff's' objections are silent regarding the untimeliness of his Motion. Second, Plaintiff states in conclusory fashion that he "maintains fiduciary standing under Fed. R. Bankr. P. 2018 as an ancestral trust beneficiary [of the Muscogee (Creek) Nation] and interested participant seeking to prevent the unauthorized liquidation of restricted tribal lands." Dkt. No. 10 at 5. This Court is not persuaded. As explained in the Report and Recommendation, although Plaintiff seeks to intervene in the underlying bankruptcy case purportedly to advance the interests of the Muscogee (Creek) Nation, the Nation, was made aware of the action and did not itself seek to intervene. Dkt. No. 7

at 8. Because Rule 2018 permits the Muscogee (Creek) Nation, if it so chooses, to advance its own interests in the underlying case, Plaintiff's intervention is not warranted under the Rule.

Having reviewed the Report and Recommendation and Plaintiff's objections, the Court concurs with the Bankruptcy Judge's recommendation and accepts and adopts it as the order of this Court. Accordingly, Plaintiff's Motion to Withdraw Reference Pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011 [Dkt. No. 2] is DENIED.

IT IS SO ORDERED this 21st day of September 2026

.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE